SILVERMAN, Circuit Judge,
dissenting:
In considering an insufficient evidence claim, a reviewing court takes the proof elicited at trial in the light most favorable to upholding the jury’s verdict. Our deference is doubled in a habeas case. A federal court may not overturn a state court decision even if it is erroneous. Rather, relief under § 2254 may be granted only if the decision of the state court is more than erroneous — it must be unreasonable. That is the situation here.
The state admits that there is no direct evidence that Gonzalez carried a concealed firearm on his person. No one saw him produce a gun from his pocket or waistband, for example, nor was a gun found on him in a search. In the absence of direct evidence, the state sought to prove by circumstantial evidence that he must have had the gun concealed on him before he brandished it at the window. The sole circumstantial evidence on this critical point — indeed, the sole evidence of any type — consisted of a previous statement made by a person inside the house. He saw Gonzalez at the window with his hands empty. He then saw Gonzalez reach down below the window sill — to where we do not know; he could not see — and then come back up with the gun. It is possible that Gonzalez pulled the gun from his waistband or pocket, but it is equally possible that he pulled it out of a holster. The state failed to offer any evidence that Gonzalez wasn’t wearing a holster, and of course, the burden of proof was on the state. Likewise, the state failed to negate the possibility that Gonzalez carried the gun in his hand to the window, placed the gun on the ground before contacting the person inside, then reached down to pick it up.
The conclusion that Gonzalez had the gun concealed on his person is nothing more than a guess — one possibility among at least two other, equally plausible possibilities. Proof beyond a reasonable doubt cannot be decided by a coin flip. Even indulging every inference in favor of upholding the verdict, and even considering the deference we owe to state court decisions, I would respectfully hold that there was literally no evidence to support a finding beyond a reasonable doubt that the gun was concealed on Gonzalez’s person. Because the state court decision upholding the judgment was unreasonable, I would reverse the denial of habeas relief.